UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JONTEZ WILLIAMS,

      Plaintiff,

v.                                                                                    Case No. 8:25-cv-1140-SPF

OFFICER CARL GIARDINO,

      Defendant.

_____/

**ORDER**

Before the Court is Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint. (Doc. 41). Plaintiff responded in opposition. (Doc. 42). For the reasons set forth below, Defendant's motion is granted in part and denied in part.

On May 5, 2025, Plaintiff filed a complaint against Defendant alleging a violation of his constitutional rights under 42 U.S.C. § 1983. (Doc. 1). Plaintiff alleged that Defendant illegally pulled Plaintiff over, searched his car, and arrested him. (*Id.*). The charges were apparently later dropped. (*Id.*). Plaintiff claims that, as a result of this encounter, he suffered nine million dollars in damages from economic losses and "pain and suffering." (*Id.*).

Defendant moved to dismiss the action for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) because the first complaint failed to satisfy pleading requirements. (Doc. 5). The Court granted Defendant's request on October 8, 2025, but gave

Plaintiff leave to file an amended complaint no later than November 10, 2025.[1]  (Doc. 26).

On November 12, 2025, Plaintiff filed his second amended complaint.[2]  (Doc. 40).

Plaintiff asserts the same violations of his constitutional rights pursuant to section 1983, including unlawful seizure, false arrest, warrantless search, and malicious prosecution stemming from the arrest during a traffic stop.  (*Id.*).  Defendant again asks the Court to dismiss Plaintiff's claims because they fail to satisfy the pleading standards and raises the issue of whether the Court has subject matter jurisdiction over this case.  (Doc. 41).  Plaintiff untimely responded, M.D. Fla. R. 3.01(d) (2025), that the second amended complaint satisfies pleading requirements and lists a "detailed factual chronology" (Doc. 42).

Before turning to the sufficiency of Plaintiff's second amended complaint, the Court must address the threshold issue of whether it has subject matter jurisdiction.  Defendant cited *Auto. Alignment & Body Serv., Inc. v. State Farm Mut. Auto. Ins. Co.*, 953 F.3d 707, 720-21 (11th Cir. 2020) to suggest that the Court can no longer enter judgment in this case.  (Doc. 41 at 2 n.1).  While Defendant did not provide substantial argument on this issue, the Court has an independent obligation to inquire into subject matter jurisdiction whenever it may be lacking. *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).

In *Auto. Alignment & Body Serv., Inc.*, the district court had dismissed the plaintiffs' complaints without prejudice with leave to amend by a specific deadline, but some of the

---

[1] After Defendant's first motion to dismiss was filed, Plaintiff untimely filed an amended complaint which the Court struck at Defendant's request.  (Docs. 24, 26).

[2] A complaint is considered filed "when it is delivered to a clerk or to a judge who agrees to accept it for filing, not when it is delivered to the post office for mailing." *Jacobs v. Clayton Cnty. Solicitor Gen. Off.*, 685 F. App'x 824, 826 (11th Cir. 2017) (per curiam) (citing Fed. R. Civ. P. 5(d)(2)); *see also EGV Hldgs., LLC v. Chattin With $taxx, LLC,* 2023 WL 8650269, at *2 (M.D. Fla. Dec. 14, 2023) (stating that "filing by mailing is not complete until the motion or pleading is delivered to an officer of the court authorized to receive it") (citing Fed. R. Civ. P. 5(d)(2)).  While Plaintiff appears to have mailed the second amended complaint on November 7, 2025, it was not received by the Clerk of Court—and therefore not filed—until November 12, 2025.  (Doc. 40).

plaintiffs missed that deadline and did not seek an extension. 953 F.3d at 716, 720. When finding that the district court had ceded subject matter jurisdiction once the deadline passed, the Eleventh Circuit reiterated that "an order dismissing a complaint with leave to amend within a specified time becomes a final judgment if the time allowed for amendment expires without the plaintiff seeking an extension." *Id.* at 719–20 (citation omitted). As such, "the orders of dismissal became final judgments when the deadline to amend expired" and the district court had lost subject matter jurisdiction over the matter. *Id.*

Here, the Court dismissed Plaintiff's first complaint on October 8, 2025, and gave him leave to amend until November 10, 2025. Plaintiff did not request an extension of time prior to this date and instead filed his second amended complaint after the deadline. The Court's October 8, 2025, dismissal thus became a final judgment on November 10, 2025, and, as such, the Court was divested of subject matter jurisdiction over this action. *See Fernandez v. Freedom Health, Inc.*, 2023 WL 4196950, at *2 (11th Cir. June 27, 2023) (finding that when "the judgment became final, the district court surrendered jurisdiction) (citing *Auto. Alignment & Body Serv., Inc.*, 953 F.3d at 720). The case must therefore be dismissed. *See Univ. of S. Ala.*, 168 F.3d at 410 ("Simply put, once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue."). Because the case is due to be dismissed for lack of subject matter jurisdiction, the Court will not address the sufficiency of the second amended complaint.

Accordingly, it is **ORDERED**:

(1) Defendant's Motion to Dismiss Complaint (Doc. 20) is **GRANTED IN PART AND DENIED IN PART**.

(2) Defendant's Motion is granted to the extent that the Court finds it does not have subject matter jurisdiction.

(3) Defendant's Motion is denied without prejudice in all other respects.

(4) The Clerk of Court is directed to terminate all pending motions and deadlines and to close the case.

**ORDERED** in Tampa, Florida, on April 17, 2026.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE

4